IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE I. GOODMAN, | ) |
| Plaintiff, | ) Civil Action No. 20-1259 |
| v. | ) |
| MATHEW MICELI et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Jermaine I. Goodman is an inmate at SCI Albion. He is proceeding *pro se* in this civil rights case. In his Complaint (ECF No. 1) he brings claims arising out of incidents that occurred at SCI Fayette, where he was previously incarcerated. Named as Defendants are various Pennsylvania Department of Corrections officials (the "DOC Defendants"), as well as Dr. Mathew Miceli and P. Saavedra.[1]

The DOC Defendants have filed a motion to dismiss (ECF No. 23). By prior order the Court directed Plaintiff to file his response by January 4, 2021.[2] (ECF No. 25).

Now pending before the Court is Plaintiff's motion for appointment of counsel. (ECF No. 34). He states that he is unable to afford counsel, that his physical and mental ailments leave him at a disadvantage in litigating this case, and that, due to the the COVID-19 lockdown restrictions at SCI Albion, he currently has no access to the law library. Plaintiff further states that when he is eventually allowed access to the law library, his time in it will be limited due to social-distancing restrictions. In the alternative, Plaintiff seeks an order from the Court that directs the

---

[1] In addition to filing a Complaint in August 2020, Plaintiff filed a motion for preliminary injunction (ECF No. 3). On December 7, 2020 the undersigned issued a Report and Recommendation (ECF No. 31) that Plaintiff's motion for preliminary injunction be denied.

[2] Dr. Miceli's response to the Complaint is due by January 6, 2021 and P. Saavedra's response is due on January 29, 2021.

DOC Defendants to provide him with a copy of all cases cited in their brief in support of their motion to dismiss, or grant him an extension of time to file a response to their motion to dismiss.

**I.**

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. *See, e.g., Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restrains on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

District courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." *Parkell*, 833 F.3d at 340. First, the district court should consider whether the case has some arguable merit. *Id.* If it does, then the court should consider a range of factors, including:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Id.* (quoting *Montgomery,* 294 F.3d at 499). *See also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

Assuming for the purposes of this Memorandum Order *only* that this case has some arguable merit, the Court concludes that the balance of the above-cited factors weigh against the appointment of counsel. None of the circumstances cited by Plaintiff persuade the Court that it should request an attorney to represent him at this time. This case does not present complex issues, and the filings Plaintiff has submitted thus far demonstrate he has a basic understanding of his claims and the relevant law. And, as a *pro se* litigant, he has the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

Moreover, as the Court previously explained to Plaintiff (ECF No. 6), Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell*, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

Here, the circumstances cited by Plaintiff, including the law library restrictions, are those faced by all prisoner litigants at this time. He has not identified any special circumstances in his case that would justify the Court requesting counsel to represent him unless and until it proceeds to trial. Should the case survive dispositive motions and appear ready to proceed to trial, the Court will reconsider his request.

The Court acknowledges that the COVID-19 restrictions at DOC institutions has foreclosed or severely limited access to prison law libraries. Nevertheless, the DOC Defendants are under no

obligation to provide Plaintiff with copies of the cases cited in their brief and the Court will not order them to do so. Instead, the appropriate remedy at this time is for the Court to grant Plaintiff an extension to file his response to the DOC Defendants' motion to dismiss, which is now due by February 4, 2021. In the event he does not have access to the law library by January 20, 2021, he may file another request for an extension.

## II.

Based upon the forgoing, Plaintiff's motion to appoint counsel (ECF No. 34) is DENIED without prejudice. Additionally, his request for an order directing the DOC Defendants to provide him with copies of all cases cited in their brief in support of their motion to dismiss is DENIED. Plaintiff's alternative request for an extension to file his response to the DOC Defendants' motion to dismiss is GRANTED. His response is now due by February 4, 2021. If, by January 20, 2021, he has not been permitted to access the law library, he may file another motion for an extension.

So ORDERED this 23rd day of December 2020

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge

4