IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE I. GOODMAN,<br><br>                    *Plaintiff,*<br><br>   v.<br><br>MATHEW MICELI, *et al*,<br><br>                    *Defendants.* | Civil Action No. 2:20-cv-01259<br><br>Hon. William S. Stickman IV |

## **ORDER OF COURT**

In August of 2020, Plaintiff Jermaine I. Goodman, a prisoner in the custody of the Pennsylvania Department of Corrections, brought this *pro se* civil rights action against various Pennsylvania Department of Correctional officials and medical personnel. (ECF No. 1). He also filed a Motion for Preliminary Injunction. (ECF No. 3). Magistrate Judge Patricia L. Dodge issued a December 7, 2020 Report and Recommendation that Plaintiff's Motion for Preliminary Injunction be denied. (ECF No. 31). Plaintiff filed Objections to the Report and Recommendation. (ECF No. 38).

After its independent *de novo* review of the record and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion. The Court overrules Plaintiff's objections.

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). The decision to issue a preliminary injunction is governed the four-factor test set forth by Magistrate Judge Dodge on the third page of her Report and Recommendation. (ECF No. 31, p. 4). As noted by Magistrate

1

Judge Dodge, if a movant meets the first two "gateway factors," a court then determines whether all four factors, taken together, balance in favor of granting the relief sought. *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). In his Declaration (ECF No. 4) and supporting Brief (ECF No. 5), Plaintiff failed to address any of these factors. In his Objections, Plaintiff has attempted to address these factors. Nevertheless, the Court finds that he has still failed to meet his burden with respect to the first two factors. Having reviewed Plaintiff's arguments, the Court independently reaches the same conclusion as Magistrate Judge Dodge – that denial of a preliminary injunction is appropriate. The extraordinary remedy of a preliminary injunction is not warranted.

The Court will not grant Plaintiff's medical requests (for a physical and mental health evaluation to assess his need for follow-up medical care and Z code status, and for contact lens or Lasik type eye surgery). It will not grant his request to expunge his misconduct requests. Furthermore, the Court will not interfere with the decision-making process of the Pennsylvania Department of Corrections and order expedited parole review (or issue a favorable recommendation for parole). Lastly, the Court will not grant Plaintiff's release from the Restricted Housing Unit particularly where he has conceded that he is now housed in the general population. (ECF No. 38, p. 14).

AND NOW, this 19th day of January 2021, Plaintiff's Motion for a Preliminary Injunction (ECF No. 2) is hereby DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE