IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE I. GOODMAN,<br><br>    *Plaintiff,*<br><br>v.<br><br>MATHEW MICELI, *et al,*<br><br>    *Defendants.* | Civil Action No. 2:20-cv-01259<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

In August of 2020, Plaintiff Jermaine I. Goodman ("Goodman"), a prisoner in the custody of the Pennsylvania Department of Corrections, brought this *pro se* civil rights action against various Pennsylvania Department of Correctional officials and medical personnel. (ECF No. 1). Defendants Stephanie Wood, Mark Capozza, Eric T. Armel, Debra A. Hawkinberry, Chuck Byers, Beth Rudziemski, M. Wiles, W. Tift, Lisa Duncan, Zachary J. Moslak, Keri Moore, Dorina Varner, and John E. Wetzel (collectively referred to as "Corrections Defendants") filed a Motion to Dismiss on November 23, 2020. (ECF No. 23). Defendant Dr. Matthew Miceli filed a Motion to Dismiss on January 6, 2021. (ECF No. 39). Defendant Dr. Peter C. Saavedra ("Dr. Saavedra") then filed a Motion to Dismiss on January 8, 2021. (ECF No. 42). After the conclusion of briefing, Magistrate Judge Patricia L. Dodge issued a Report and Recommendation on May 3, 2021, recommending that Dr. Miceli's motion be granted, Dr. Saavedra's motion be denied, and the Corrections Defendants' motion be granted in part and denied in part. (ECF No. 62). Objections to the Report and Recommendation were due by May 20, 2021, and Goodman filed timely objections (ECF No. 63).

1

After its independent *de novo* review of the record and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion. The Court OVERRULES Plaintiff's objections.

AND NOW, this 25th day of May 2021, Dr. Matthew Miceli's Motion to Dismiss is hereby GRANTED (ECF No. 39). All claims against Dr. Miceli are dismissed with prejudice. The Court further holds that further amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2021) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Dr. Miceli is hereby TERMINATED as a party in this case.

IT IS FURTHER ORDERED that Dr. Peter C. Saavedra's Motion to Dismiss is DENIED (ECF No. 42).

AND, IT IS FURTHER ORDERED that the DOC Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART (ECF No. 23). The motion is granted as follows:

- All Fourteenth Amendment and ADA claims are DISMISSED WITH PREJUDICE. The Court holds that leave to amend these claims would be futile.
- Debra A. Hawkinberry, Beth Rudziemski, Zachary J. Moslak, Keri Moore, Dorina Varner, and John E. Wetzel are hereby TERMINATED as parties in this case.

- The Fourteenth Amendment claim against Eric T. Armel is DISMISSED WITH PREJUDICE, and amendment is not permitted as the Court holds it would be futile.

- The Eighth Amendment claim against Stephanie Wood and Mark Capozza relating to Goodman's disability claim is DISMISSED WITH PREJUDICE. The Court holds that leave to amend would be futile.

The motion is denied with respect to the following claims that may proceed:

- The Eighth Amendment claims against Lisa Duncan, Stephanie Wood and Mark Capozza regarding Goodman's mental health treatment requests.

- All other Eighth Amendment claims.

- The First Amendment retaliation claims against M. Wiles, W. Tift, Chuck Byers, and Eric T. Armel.

BY THE COURT:

*/s/ William S. Stickman IV*

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE