IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE I. GOODMAN,<br><br>                       *Plaintiff,*<br><br>    v.<br><br>MATHEW MICELI, *et al,*<br><br>                       *Defendants.* | Civil Action No. 2:20-cv-01259<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

In August of 2020, Plaintiff Jermaine I. Goodman ("Goodman"), a prisoner in the custody of the Pennsylvania Department of Corrections, brought this *pro se* civil rights action against various Pennsylvania Department of Corrections officials and medical personnel. (ECF Nos. 1, 2 and 15). Named as Defendants were Stephanie Wood, Mark Capozza, Eric T. Armel, Debra A. Hawkinberry, Chuck Byers, Beth Rudziemski, M. Wiles, W. Tift, Lisa Duncan, Zachary J. Moslak, Keri Moore, Dorina Varner, and John E. Wetzel (collectively referred to as "Corrections Defendants"). Also named as Defendants were Dr. Matthew Miceli and Dr. Peter C. Saavedra. (ECF Nos. 1, 2 and 15).

All Defendants moved to dismiss for failure to state a claim, and on May 25, 2021, the Court dismissed Goodman's Fourteenth Amendment claim and his ADA claims. Defendants Debra A. Hawkinberry, Beth Rudziemski, Zachary J. Moslak, Keri Moore, Dorina Varner, and John E. Wetzel were terminated as parties. The Court also dismissed the Eighth Amendment claims against Stephanie Wood and Mark Capozza relating to Goodman's disability claim, and the Fourteenth Amendment claim against Eric T. Armel. All claims against Dr. Matthew Miceli were dismissed, and he was terminated as a party. The claims that remained were Goodman's

1

Eighth Amendment claims against Lisa Duncan, Stephanie Wood, and Mark Capozza relating to his mental health treatment requests, and his First Amendment retaliation claims against M. Wiles, W. Tift, Chuck Byers, and Eric T. Armel. (ECF No 66).

The case proceeded through discovery and the remaining Corrections Defendants (Lisa Duncan, Stephanie Wood, Mark Capozza, Eric T. Armel, M. Wiles, W. Tift, Chuck Byers) and Dr. Saavedra filed Motions for Summary Judgment (ECF Nos. 83 and 87). Dr. Saavedra also filed a Motion to Strike Plaintiff's Response to Defendant's Statement of Facts (ECF No. 105). The Honorable Patricia L. Dodge issued a Report and Recommendation recommending that both motions for summary judgment be granted and the motion to strike be denied. (ECF No. 108). Goodman was given the opportunity to file Objections, and he did so. (ECF No. 111).

After its independent *de novo* review of the record and consideration of the pleadings of the parties, the Court hereby ADOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion. The Court OVERRULES Plaintiff's objections.[1] It concurs with Magistrate Judge Dodge's thorough analysis of Goodman's claims and her legal conclusions. The Court holds that Goodman has procedurally defaulted on his claims against Lisa Duncan, Mark Capozza, M. Wiles, W. Tift, Chuck Byers, and Eric T. Armel. Even if he had not procedurally defaulted, the Court holds that no reasonable jury could find for Goodman on his First Amendment retaliation claims against M. Wiles, W. Tift, Chuck Byers, and Eric T. Armel. Furthermore, the Court holds that no reasonable jury could find for Goodman on his Eighth Amendment indifference claim as to Dr. Saavedra as no evidence exists that Goodman suffered from a serious medical need or that the doctor was deliberately indifferent to a serious medical

---

[1] To the extent Goodman takes issue with not being appointed counsel, the Court concurs with the reasoning set forth in Magistrate Judge Dodge's Memorandum Orders of December 23, 2020 and December 22, 2021 (ECF Nos. 37 and 82) as to why the appointment of counsel was not appropriate.

need of Goodman. Given that no reasonable jury could find Dr. Saavedra violated Goodman's Eighth Amendment rights, the Court holds that Lisa Duncan, Stephanie Wood, and Mark Capozza cannot be found liable. And, as Goodman was receiving regular medical care, the Court holds that Goodman fails to meet the subjective part of his deliberate indifference claim against these Defendants.

AND NOW, this 16th day of August 2022, IT IS HEREBY ODERED that Dr. Peter C. Saavedra's Motion to Strike Plaintiff's Response to Defendant's Statement of Facts (ECF No. 105) is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment of Defendants Lisa Duncan, Stephanie Wood, Mark Capozza, Eric T. Armel, M. Wiles, W. Tift, Chuck Byers (ECF No. 83) is GRANTED. Summary judgment will be entered in their favor and against Goodman.

IT IS FINALLY ORDERED that Defendant Dr. Peter C. Saavedra's Motion for Summary Judgment (ECF No. 87) is GRANTED. Summary judgment will be entered in his favor and against Goodman.

A separate Judgment Order will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE